**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL MELGAR-RODRIGUEZ, | No.    15-73268 |
| Petitioner, | Agency No. A206-847-161 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jose Manuel Melgar-Rodriguez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the determination that Melgar-Rodriguez failed to establish the harm he experienced or fears in El Salvador was or would be on account of a protected ground, including a political opinion or a particular social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Melgar-Rodriguez's asylum and withholding of removal claims fail.

We lack jurisdiction to consider Melgar-Rodriguez's contention as to a pattern or practice of persecution because he did not raise it to the IJ or the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

The BIA did not err in declining to consider Melgar-Rodriguez's arguments regarding proposed social groups that he raised for the first time to the BIA. *See*

2                                                                            15-73268

*Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider proposed social groups raised for the first time on appeal).

The BIA also did not err in concluding that Melgar-Rodriguez failed to raise religion as an independent protected ground before the IJ. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (basis for asylum claim not raised to the IJ). We reject Melgar-Rodriguez's contentions that the BIA failed to adequately address his arguments or explain its reasoning. *See Honcharov*, 924 F.3d at 1296 n.2 ("[T]he Board may address an argument by applying its default rules and explaining that it will not reach the merits[.]").

Substantial evidence also supports the denial of CAT relief because Melgar-Rodriguez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's January 12, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

15-73268